# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40767
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2018

Lyle W. Cayce
Clerk

OLGA ADRIANA SARMIENTO,

     Plaintiff - Appellant

v.

CITY OF LAREDO, TEXAS; JUAN M. VILLARREAL; JOE E. BAEZA

     Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CV-66

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Appellant presents two issues for review in her appeal of the final sumary judgment entered in favor of Officers Villareal and Baeza and the City of Laredo: (1) whether the district court abused its discretion in relying on an erroneous legal premise that a police officer who reasonably believes he has probable cause to seek an arrest warrant is not liable for false arrest when he fails to disclose exculpatory evidence; and (2) whether the City established by

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

undisputed facts it took sufficient steps to protect its citizens from unconstitutional arrests under the Fourth Amendment by putting in place protections to ensure exculpatory evidence is divulged by investigating officers seeking an arrest warrant. Because Appellant requests this court to reverse the grant of summary judgment in favor of the City only, and does not seek reversal of summary judgment in favor of the individual Officers, the first issue is waived. Consequently, this court only considers whether the district court committed error in granting summary judgment for the City. As to this issue, the court has carefully considered the appeal in light of the briefs and pertinent portions of the record. Having done so, we find no error of law or material issue of fact. The district court's judgment is **AFFIRMED** for essentially the same reasons articulated by that court.